**U.S. Department of Justice**
Office of Consumer Litigation

| Jessica R. Gunder | Overnight Delivery Address | Mailing Address |
|---|---|---|
| Phone: (202) 532-4719 | 450 Fifth Street., N.W., Suite 6400 | P.O. Box 386 |
| Fax:    (202) 514-8742 | Washington, D.C. 20001 | Washington, D.C. 20044 |

February 16, 2011

Mr. Andrew Radding
Adelberg, Rudow, Dorf & Hendler, LLC
7 Saint Paul Street, Suite 600
Baltimore, MD 21202

Mr. Eric Disharoon
Adelberg, Rudow, Dorf & Hendler, LLC
7 Saint Paul Street, Suite 600
Baltimore, MD 21202

Mr. John Brooke
Brooke Mawhorr, P.C.
112 East Gilbert Street
Muncie, IN 47305-1734

      Re: *United States v. Fireworks Productions, Inc.*, Criminal # MJG 1:10CR00354

Dear Counsel:

      This letter confirms the plea agreement which has been offered to Defendant Fireworks Productions, Inc., (hereafter, "the Defendant") by the United States Attorney's Office for the District of Maryland and the Department of Justice's Office of Consumer Litigation ("these Offices"). If your client accepts this offer, please have an authorized representative execute it in the spaces provided below. If this offer has not been accepted by 5:00 p.m. on February 16, 2011, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

      1.     The Defendant agrees to plead guilty to Count One of the Indictment now pending against it, which charges it with Conspiracy to Deal in Explosive Materials and to Create a False Entry in a Required Record, in violation of 18 U.S.C. § 844(n). The Defendant admits that it is, in fact, guilty of that offense and will so advise the Court.

### Elements of the Offense

      2.     The elements of the offense to which the Defendant has agreed to plead guilty, and which these Offices would prove if the case went to trial, are as follows:

          a.     First, that there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

          b.     Second, the Defendant became a member of the conspiracy

knowing of at least one of its objects and intending to help accomplish it.

### Penalties

3. Defendant understands that the statutory penalties applicable to a corporate defendant for the felony count of the offense to which it is entering a plea of guilty are as follows: a maximum fine of either $500,000 or twice the gross pecuniary gain or loss resulting from the unlawful conduct, pursuant to 18 U.S.C. § 3571(c) and (d), a term of probation of not less than one or more than five years, pursuant to 18 U.S.C. § 3561(c)(1), and a special assessment of $400, pursuant to 18 U.S.C. § 3013(a)(2)(B). While these Offices agree not to seek the imposition of ~~a fine or~~ restitution, Defendant understands that, in addition to any other penalty, the Court may order the payment of restitution to any victim of the offenses pursuant to the provisions of Title 18, United States Code, Section 3663.

### Advisory Sentencing Guidelines Apply

4. Defendant understands and acknowledges that, at sentencing, the Court is required to consider the United States Sentencing Guidelines, together with the other sentencing goals set forth in Title 18, United States Code, Section 3553(a). Defendant understands and acknowledges that the United States Sentencing Guidelines, including Chapter Eight that provide guidance for the sentencing of corporate defendants, must be considered by the Court.

### Factual and Advisory Guidelines Stipulation

5. These Offices and the Defendant understand, agree and stipulate to the Statement of Facts set forth in Attachment A hereto, which these Offices would prove beyond a reasonable doubt. Additionally, the parties stipulate and agree to recommend the following sentence to the Court:

        a. Criminal Fine: $65,000.

        b. Forfeiture: the Court will order the forfeiture of all property, real and personal, which constitutes and is derived from proceeds traceable to the offense, or constitutes substitute assets, as detailed in 14 below.

        c. Mandatory Special Assessment: $400.

        d. Payments: Defendant further agrees that if the terms of this Plea Agreement are accepted by the Court, that all monetary amounts for forfeiture and special assessments shall be paid within three months of the date of sentencing, and in any event, not later than August 1, 2011. All monetary amounts for the criminal fine shall be paid as detailed in paragraph 9 below.

        e. Probation: Defendant will be placed on organizational probation for the maximum period of five (5) years from the date of sentencing pursuant to 18 U.S.C. §

2

3561(c)(1) and USSG §§ 8D1.1 and 8D1.2. The terms of probation shall include the following specific provisions, in addition to the Court's standard conditions:

    (1) No Further Violations: Defendant agrees that it shall commit no further violations of federal, state, or local law.

    (2) Payments: Defendant agrees that it shall pay in full the monetary amounts set forth herein, including all special assessments, fines, and forfeiture sums.

## Collection of Financial Obligations

  6. The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

  7. In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

  8. The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

  9. The Defendant will also agree to make quarterly payments to pay the fine in the amount of $65,000.00 that will be imposed against him at sentencing. The amount due each quarter is:

| | | |
|---|---|---|
| $ 7,000 on August 1, 2011 | $ 3,000 on May 1, 2012 | $ 4,500 on February 1, 2013 |
| $ 3,000 on November 1, 2011 | $ 15,000 on August 1, 2012 | $ 3,000 on May 1, 2013 |
| $ 4,500 on February 1, 2012 | $ 3,000 on November 1, 2012 | $ 22,000 on August 1, 2013 |

The Defendant also agrees to communicate to the U.S. Attorney's Office Financial Litigation Unit in the event of any delay in the payment schedule, and provide a updated financial statement to the Financial Litigation Unit within one year on the anniversary date of the judgment. The Defendant understands that pursuant to 18 U.S.C. §3612(f), interest will accrue on the fine, and that he will be expected to pay the accrued interest after the principal balance of the fine has been paid in full.

## Application of the Agreement

  10. This agreement shall bind Defendant, and no change in name, change in corporate or individual control, business reorganization, change in ownership, merger, change of

legal status, sale or purchase of assets, or similar action shall alter Defendant's responsibilities under this Plea Agreement. Defendant understands and agrees that it shall not engage in any action to seek to avoid the obligations and conditions set forth in this Plea Agreement.

### No Retaliation

11. Defendant, through its authorized representatives, agrees that it will not take any adverse action against individuals for their participation in the events leading to this investigation and prosecution or for their role in testifying before the grand jury. Prohibited adverse actions include, but are not limited to, dismissal from service, refusal to offer future work assignments and negative performance review, where these actions are based in whole or in part on the individual's participation in the events leading to this investigation and prosecution. This provision does not apply to any individual who is charged for criminal conduct related to this investigation.

### Statements

12. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider all relevant information concerning the Defendant's background, character and conduct, including the conduct that is the subject of the counts of the Indictment that these Offices have agreed to dismiss at sentencing. The Defendant will not make any contrary public statements regarding this agreement or the attachments hereto.

### Obligations of these Offices

13. At the time of sentencing, these Offices will move to dismiss any open counts against the Defendant. Defendant understands and agrees that neither this nor this Agreement limits the prosecuting authority of any other sections or divisions of the Department of Justice, including the U.S. Attorney of any other judicial district, or any other federal, state or local regulatory or prosecuting authorities. Furthermore, this Agreement does not provide or promise any waiver of any civil or administrative actions, sanctions, or penalties that may apply, including but not limited to: fines, penalties, suspension, licensing, injunctive relief, or remedial action to comply with any applicable regulatory requirement. This agreement applies only to crimes committed by the Defendant and has no effect on any proceedings against any defendant not expressly mentioned herein, including the actual or potential criminal liability of any individuals.

### Forfeiture

14. The Defendant understands that the Court will, upon acceptance of its guilty plea, enter an order of forfeiture as part of its sentence, and that the order of forfeiture may include assets directly traceable to the offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense. Specifically, the Court will order the forfeiture of all property, real and personal, which constitutes and is derived from proceeds traceable to the offense, or constitutes substitute assets, in the amount of $437,000, which equals the value of the proceeds of the offense. The defendant will be jointly and severally liable with any co-defendant convicted of the same offense for the payment of this forfeiture amount. The Court will order the forfeiture of the following property, which will constitute partial

satisfaction of the $437,000 forfeiture order;

        a.    Fulton Bank Account # xxxx-xx178;

        b.    Fulton Bank Account # xxxx-xx143; and

        c.    Fulton Bank Account #xxxx-xx151.

The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

Moreover, Donna Coster, who is represented by separate counsel and who is a signatory to this agreement, agrees that she consents to the forfeiture of the bank accounts referred to above, and further agrees that neither she nor any corporation or other entity that she controls will institute any challenge to the forfeiture in the post-trial ancillary proceeding or at any other time, including a challenge to the court's jurisdiction to enter the order of forfeiture.

The defendant understands, however, that nothing in this Agreement precludes the Internal Revenue Service or the Comptroller of Maryland from reviewing the tax liability of the defendant, Donna Coster, or Dennis Coster and to take whatever steps may be required to collect taxes and penalties that may be owed to the United States and/or the State of Maryland.

### Assisting the Government with Regard to the Forfeiture

15.    The defendant agrees to assist fully in the forfeiture of the foregoing assets. The defendant agrees to disclose all of his assets and sources of income to the United States, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The defendant further agrees that it will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and will testify truthfully in any such proceeding.

### Waiver of Further Review of Forfeiture

16.    The defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

### Breach of the Agreement

17.     If the government determines that Defendant has failed to comply with any provision of this Agreement, or has committed any crime within the jurisdiction of the United States during the pendency of this Agreement, the government may, at its sole option, be released from its commitments under this agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The government may also pursue all remedies available under the law, irrespective of whether it elects to be released from its commitments under this Agreement. Defendant recognizes that no such breach by it of any obligation under this agreement shall give rise to grounds for withdrawal of its guilty plea. Defendant understands that should any such breach of this agreement occur, the government will have the right to use against Defendant before any grand jury, and at trial, hearing or for sentencing purposes, any statements made by its employees and agents, and any information, materials, documents or objects provided by Defendant to the government pursuant to this agreement without any limitation. In this regard, Defendant hereby waives any defense to any charges which it might otherwise have under any statute of limitations, pre-indictment delay, or the Speedy Trial Act for ninety (90) days following any breach of the agreement, except to the extent that such defenses existed as of the date of the signing of this agreement.

### Information for Probation Office

18.     Defendant agrees that it will provide all available information requested by the United States Probation Office for the District of Maryland.

### Corporate Authorization

19.     Defendant represents that it is authorized to enter into this Plea Agreement. At the time of signing this agreement, Defendant shall provide to the United States a written statement in the form of notarized legal documents certifying that Defendant is authorized to enter into and comply with all of the provisions of this Plea Agreement. The resolutions further shall certify that Defendant's Board of Directors has authorized these actions, and that all corporate formalities for such authorizations have been observed.

### Waiver of Appeal

20.     Defendant, through its authorized representatives, is aware that 18 U.S.C. § 3742 gives the right to appeal the sentence to be imposed, and that other federal statutes give Defendant the right to appeal other aspects of the conviction. In consideration of this agreement, Defendant knowingly and voluntarily agrees to waive the following rights:

    a.      The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

    b.      The Defendant and these Offices knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the decision whether to impose and the calculation of any fine, order of forfeiture, order of restitution, and term or condition of probation);

    c. Nothing in this agreement shall be construed to prevent the Defendant or these Offices from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical or technical error;

    d. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from these Offices or any investigating agency.

## Obstruction or Other Violations of Law

  21. The Defendant agrees that it will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. § 3C1.1, or (ii) fails to accept personal responsibility for its conduct by failing to acknowledge its guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then these Offices will be relieved of their obligations to the Defendant as reflected in this agreement. Specifically, these Offices will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, these Offices will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that it may not withdraw its guilty plea because these Offices are relieved of their obligations under the agreement pursuant to this .

## Waiver of Statute of Limitations

  22. The defendant understands and agrees that should the conviction following its plea of guilty pursuant to this agreement be vacated for any reason, then any prosecution that is not time-barred as of the date of the signing of this agreement (including any indictment or counts that these Offices have agreed to dismiss at sentencing) may be commenced or reinstated against the Defendant, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement or reinstatement of such prosecution. The Defendant agrees to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date this plea agreement is signed.

## Voluntariness of the Plea

  23. Defendant, through its authorized representatives, acknowledges that it has entered into this Plea Agreement freely and voluntarily and that they have been fully advised by counsel, and that no threats or promises were made to induce it to enter the guilty pleas called for by this Plea Agreement.

### Court Not a Party

24. The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, its counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

### Entire Agreement

25. This agreement is the complete and only agreement between the parties. No promises, agreements, or conditions have been entered into other than those set forth in this Agreement. This Agreement supersedes prior understandings, whether written or oral. This agreement cannot be modified other than in a written memorandum signed by the parties or on the record in Court. This Agreement is effective upon signature by Defendant and all of the attorneys for the government.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Paul Budlow
Assistant United States Attorney

By: _____
Jessica R. Gunder
Trial Attorney

8

As an authorized representative of Defendant Fireworks Productions, Inc., I have read this Agreement and carefully discussed every part of it with Fireworks Productions, Inc.'s criminal defense counsel. I understand the terms of this Agreement, and I voluntarily agree to those terms. Fireworks Productions, Inc.'s attorneys have advised me of Fireworks Productions's Inc.'s rights, of possible defenses, of the Sentencing Guideline provisions, and of the consequences of entering into this Agreement. No promises or inducements have been made to Fireworks Productions, Inc., other than those contained in this Agreement. No one has threatened or forced Fireworks Productions, Inc. in any way to enter into this agreement.

2/17/11
Date

_Dennis Coster_
Authorized Representative
Fireworks Productions, Inc.
Defendant

I am Fireworks Productions, Inc.'s attorney. I have carefully discussed every part of this Agreement with the authorized representatives of Fireworks Productions, Inc. Further, I have fully advised the authorized representatives of Fireworks Productions, Inc.'s rights, of possible defenses, of the Sentencing Guidelines' provisions, and of the consequences of entering into this agreement. To my knowledge, the decision of Fireworks Productions, Inc., to enter into this agreement is an informed and voluntary one.

2-17-11
Date

_John Brooke_
Attorney for Fireworks Productions, Inc.

I have read this agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree only to the forfeiture provisions detailed in paragraph 14 of this agreement. I am completely satisfied with the representation of my attorney.

2/17/11
Date

_Donna Coster_
Donna Coster

I am Stephanie A. Gallagher, attorney for Donna Coster. I have carefully reviewed every part of this agreement with her. She advises me that she understands and accepts its terms. To my knowledge, her decision to enter into this agreement is an informed and voluntary one.

2/18/11
Date

_Steph a G_
Attorney for Donna Coster

9

## ATTACHMENT A
## STATEMENT OF FACTS

*The United States and defendant Fireworks Productions, Inc. stipulate and agree that if this case proceeded to trial, the United States would prove the facts set forth below beyond a reasonable doubt. They further stipulate and agree that these are not all of the facts that the United States would prove if this case proceeded to trial.*

At all times relevant to this case, **FIREWORKS PRODUCTIONS, INC.**, was a fireworks display company that was licensed by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") to engage in the business of dealing in display fireworks. **FIREWORKS PRODUCTIONS, INC.**, was a for-profit corporation organized under the laws of Pennsylvania, with its principal place of business in White Hall, Baltimore County, Maryland.

In pleading guilty, **FIREWORKS PRODUCTIONS, INC.**, acknowledges that it is liable for the acts and omissions of its agents and employees acting within the course and scope of their agency and/or employment and working for the benefit of **FIREWORKS PRODUCTIONS, INC.**

Dennis Coster was the President of **FIREWORKS PRODUCTIONS, INC.**, and was also a "responsible person" for **FIREWORKS PRODUCTIONS, INC.** As a "responsible person" he had the power to direct the management and policies of **FIREWORKS PRODUCTIONS, INC.**, pertaining to explosive materials pursuant to Title 18, United States Code, Section 841(s).

Beginning in or about January 2000 and continuing through July 2005, Dennis Coster and **FIREWORKS PRODUCTIONS, INC.**, sold explosive materials to co-conspirator John DeGuardia, who did not possess a license to engage in the business of dealing in explosive materials. The employees of **FIREWORKS PRODUCTIONS, INC.**, who completed these transactions were acting in the course and scope of their employment and were working for the benefit of **FIREWORKS PRODUCTIONS, INC.** These employees knew that John DeGuardia did not possess a license to engage in the business of dealing in explosive materials.

Dennis Coster and **FIREWORKS PRODUCTIONS, INC.**, sold John DeGuardia display fireworks under the guise of providing such fireworks to John DeGuardia for use in fireworks shows. In reality, as Dennis Coster knew, John DeGuardia illegally resold display fireworks he obtained from Dennis Coster and **FIREWORKS PRODUCTIONS, Inc.**

For example, on July 9, 2002, Dennis Coster caused cash totaling approximately $72,500, received from co-conspirator John DeGuardia as payment for display fireworks, to be deposited into **FIREWORKS PRODUCTIONS, INC.'S** Account xxxx-xx143. A portion of this payment was for display fireworks that were illegally sold to and illegally resold by John DeGuardia. Additionally, Dennis Coster and **FIREWORKS PRODUCTIONS, INC.** received payments from John DeGuardia for approximately $50,000 in December 2004, for approximately $25,000 on April 12, 2005, and for approximately $30,000 in July 2005. A portion of all three of these

1

payments were for display fireworks that were illegally sold to and illegally resold by John DeGuardia.

Beginning in or about January 2000 and continuing through July 2005, for the purpose of increasing **FIREWORKS PRODUCTIONS, INC.'s** profits, Dennis Coster created invoices that underrepresented the quantity of display fireworks that were actually sold to John DeGuardia. These invoices were created to conceal the diversion of explosive materials and prevent ATF from discovering the diversion. These invoices were then maintained in **FIREWORKS PRODUCTIONS, INC.'s** files.

In June 2005, Dennis Coster caused a document inventorying and accounting for display fireworks sales, including fireworks sold illegally to John DeGuardia, to be sent from Dennis Coster and **FIREWORKS PRODUCTIONS, INC.**, to co-conspirator John DeGuardia.

Between September 14, 2005, and October 6, 2005, Dennis Coster obstructed justice by knowingly and intentionally causing false and fictitious documents, including but not limited to, (1) Invoice # 2004-050B, dated December 9, 2004, for customer F.F.; (2) F.F. License/Permit; (3) Customer Information Form for F.F.; (4) Invoice # 2005-091, dated January 5, 2005, for customer T.L.; and (5) Invoice # 2005-212, dated May 31, 2005, for customer B.J.Q.E., to be presented to ATF during an inspection of **FIREWORKS PRODUCTIONS, INC.**, at White Hall, Maryland. These papers were presented in order to conceal the diversion scheme and prevent ATF from discovering the diversion.

Over the course of the conspiracy, **FIREWORKS PRODUCTIONS, INC.**, and Dennis Coster sold in excess of 1,000 pounds of explosive materials, exclusive of the weight of any shipping or packing materials, to John DeGuardia and the other co-conspirators for illegal resale to consumers.

Over the course of the conspiracy, some of the proceeds of the offense were deposited into Fulton Bank Account # xxxx-xx202, Fulton Bank Account # xxxx-xx178, and Fulton Bank Account # xxxx-xx143. Specifically, deposits totaling $260,484.36 to Fulton Bank Account # xxxx-xx178 are traceable to the proceeds of the offense, deposits totaling $92,800 to Fulton Bank Account # xxxx-xx143 are traceable to the proceeds of the offense, and deposits totaling $61,368 to Fulton Bank Account # xxxx-xx202 are traceable to the proceeds of the offense.

As an authorized representative of Defendant Fireworks Productions, Inc., I have read this Statement of Facts and carefully discussed every part of it with Fireworks Productions, Inc.'s criminal defense counsel. I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

2-17-11
Date

*Dennis Coster*
Authorized Representative
Fireworks Productions, Inc.
Defendant

I am Fireworks Productions, Inc.'s attorney. I have carefully discussed every part of this Statement of Facts with the authorized representatives of Fireworks Productions, Inc. To the best of my knowledge it is a true and accurate factual statement and provides a sufficient factual basis for Count One of the Indictment and Fireworks Productions, Inc.'s guilty plea as set forth in the plea agreement.

2-17-11
Date

John Brooke
Defense Counsel

3